IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES S. ZIGMONT,
    Plaintiff,

v.                           CIVIL ACTION NO. 1:11CV134

ANGELA JONES,
    Defendant.

**MEMORANDUM OPINION , REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR REMAND**

James S. Zigmont [Zigmont] filed his "Petition To Release and Expunge The Record Of Erroneous Tax Lien And Holds On Property" [complaint] in the "Court Of Common Pleas For Harrison County West Virginia"[1] [state court] on or about 1 August 2011. The United States, on behalf of its agency, the Internal Revenue Service [IRS] filed its "Notice Of Removal" effectively removing Zigmont's civil action complaint from state court to this court on 18 August 2011 [DE2]. Zigmont filed "Plaintiffs' [sic] Forthwith Motion For Remand And Motion For Sanctions Request For Emergency Hearing" 24 August 2011 [DE 7]. By Corrected Order dated 6 September 2011[DE 14] the District Judge referred Zigmont's Motion For Remand And Motion For Sanctions Request For Emergency Hearing to the undersigned Magistrate Judge for appropriate disposition pursuant to 28 U.S.C. §636 (b)(1)(A) and (B) and L.R.Civ.P. 7.02( c ).

Discussion

I.    Request For Emergency Hearing

This matter is not complex. It does not require the taking of evidence. All factual matters required for consideration of the motion are adequately presented in the pleadings of record in this

---

[1] There is no Court of Common Pleas For Harrison County West Virginia. Zigmont filed his complaint in the Circuit Court of Harrison County, West Virginia wherein it was assigned case no 11-P-97-2.

action.  Accordingly the request for emergency hearing is **DENIED.**

II.     Removal

28 U.S.C. §1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United Sates have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

28 U.S.C. §1442 (a) provides: "A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof or **any officer (or any person acting under that officer)** of the United States or of any agency thereof, sued in an official or **individual capacity** for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals **or the collection of the revenue**." [emphasis added].

The  allegations in Zigmont's state court complaint establish this is a suit against Angela Jones in her capacity as an agent of the IRS, an agency of the United States for actions she took in aid of the collection of revenue.  Essentially, Zigmont claims Angela Jones:  caused "four erroneous Tax Liens" to be filed "in the Prothonotary's Office of the Harrison County Courthouse against James Zigmont ..."[complaint, par 1]; "directly or indirectly levied monies from [Zigmont] ..." [complaint, par 3]; and placed "'holds' on the personal account of [Zigmont] and upon a joint account [Zigmont] had with his ailing 79 year old sister ..." [complaint, par 4].

The premises underlying Zigmont's claims are: 1) that no "verified tax assessment followed

by the deficiency notice" were ever filed or produced and therefore, Angela Jones had no "authority from her official position or any other jurisdiction" to file tax liens, levy monies, or place holds on accounts in aid of collection of revenues and 2) because he was dismissed in a prior federal court action, he must have a remedy someplace and that someplace must be in state court in an action against Jones individually.  Zigmont is incorrect on both counts.

Zigmont acknowledges in his complaint in this action that these complaints were raised before the United States District Court for this district in a prior action. [complaint, par 7-8].  In that case, Zigmont sued Jones in her official and individual capacities. That case [1:11CV22] was dismissed for lack of subject matter jurisdiction. [DE 42 in 1:11CV22].

In the instant case Zigmont asserts the same claims against Jones.  Notwithstanding Zigmont's contorted arguments that he is suing Jones in her individual capacity because allegedly acted outside of her authority, his claims against Jones are still claims for acts she performed as part of her official duties as an Internal Revenue Service employee.  [See 26 U.S.C. §6321, 6323(a) and 6331].

This conclusion is consistent with that reached by Mr. Justice Clark in Dugan v. Rank, 372 U.S. 609, 610  83 S.Ct. 999, 1001 (1963) to wit: "the suit against the petitioning local officials of the Reclamation Bureau is in fact against the United States and they must be dismissed therefrom." The Court reasoned:

> The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' Land v. Dollar, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947), or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.' Larson v. Domestic & Foreign Corp., supra, 337 U.S. at 704, 69 S.Ct. at 1468, 93 L.Ed. 1628; Ex parte New York, 256 U.S. 490, 502, 41 S.Ct. 588, 591, 65 L.Ed. 1057 (1921). The decree here enjoins the federal officials from impounding, or diverting, or storing for diversion, or otherwise impeding or obstructing the full natural flow of the San Joaquin River. * * *.' Transcript of

>Record, Vol. III, p. 1021. As the Court of Appeals found, the Project 'could not operate without impairing, to some degree, the full natural flow of the river.' Experience of over a decade along the stretch *621 of the San Joaquin involved here indicates clearly that the impairment was most substantial-almost three-fourths of the natural flow of the river. To require the full natural flow of the river to go through the dam would force the abandonment of this portion of a project which has not only been fully authorized by the Congress but paid for through its **1007 continuing appropriations. Moreover, it would prevent the fulfillment of the contracts made by the United States with the Water and Utility Districts, which are petitioning in No. 115. The Government would, indeed, be 'stopped in its tracks * * *.' Larson v. Domestic & Foreign Corp., supra, 337 U.S. at 704, 69 S.Ct. at 1468, 93 L.Ed. 1628.

As noted by the United States, the reasoning in Dugan has been applied with respect to IRS Employees sued as individuals. In Jones v. Bass, 343 F.Supp.2d 1066 (D.Wy. 2004), a case factually similar to the instant case, the District Judge held that the "internal revenue service agent was acting in his official capacity in presenting notice of levy to bank, and thus taxpayers' suit against agent was barred by United States' sovereign immunity from suit, ...." Id. 1068. The Jones Plaintiffs filed a Wyoming state court action against Fred Bass, an IRS employee, a bank and the banks attorney claiming that the serving, accepting, advising to honor and honoring of a Notice of Levy (unpaid tax levy) were in error and harmful to Plaintiffs. The IRS-United States removed the action in behalf of Bass to federal court pursuant to the provisions of 28 U.S.C. §1442(a)(1). Jones Plaintiffs, like Zigmont, objected to removal claiming the federal court lacked subject matter jurisdiction to hear the case. The Court held: "Fred Bass has been sued by Plaintiffs in his official capacity as an employee of the IRS. As such, the suit is essentially against the United States and therefore, barred by sovereign immunity."

Accordingly the undersigned finds the removal of Zigmont's complaint from state court to federal court proper under 28 U.S.C. §1442 (a)(1).

III.     Motion For Sanctions

Zigmont's motion for sanctions is dependent on the success of his motion for remand. For the reasons set forth herein, Zigmont's motion for sanctions should be **DENIED.**

Recommended Decision

For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that Plaintiffs' Forthwith Motion For Remand And Motion For Sanctions Request For Emergency Hearing [DE 7] be **DENIED.**

Any party may, within fourteen (14) days of this Memorandum Opinion, Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Memorandum Opinion, Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Memorandum Opinion, Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Memorandum Opinion, Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to a copy of this Memorandum Opinion, Report and Recommendation to the pro se plaintiff, James S. Zigmont at his address of record and to provide an electronic notice of entry of the same to counsel for the United States.

Dated: 8 September 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE