**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JAMES S. ZIGMONT,**

      **Plaintiff,**

**v.**               //      **CIVIL ACTION NO. 1:11CV134**
                                    **(Judge Keeley)**

**ANGELA JONES,**

      **Defendant.**

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

On August 1, 2011, <u>pro</u> <u>se</u> plaintiff and petitioner, James Zigmont, filed his "Petition To Release and Expunge the Record of Erroneous Tax Lien and Holds on Property" [complaint] in the Circuit Court of Harrison County, West Virginia. The United States, on behalf of its agency, the Internal Revenue Service (IRS), removed the action to this Court on August 18, 2011. On August 24, 2011 Mr. Zigmont moved to remand his case, for sanctions, and for an emergency hearing. Pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B) and L.R. Civ. P. 7.02(c), the Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation. On September 8, 2011, Judge Kaull issued a Report and Recommendation recommending that Mr. Zigmont's motions to remand, for sanctions, and for an emergency hearing be denied.

The Report and Recommendation also specifically warned that Mr. Zigmont's failure to object to the recommendation would result

ORDER ADOPTING REPORT AND RECOMMENDATION

in the waiver of his appellate rights on this issue. Nevertheless,
Mr. Zigmont has not filed any objections.[1]

Consequently, the Court **ADOPTS** the Report and Recommendation
in its entirety and **DENIES** the plaintiff's motions to remand, for
sanctions, and for an emergency hearing.

It is so **ORDERED.**

The Court directs the Clerk of the Court to transmit copies of
this order to counsel of record and to the pro se petitioner,
certified mail, return receipt requested.

Dated: September 27, 2011.


/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

____

---

[1] Mr. Zigmont's failure to object to the Report and Recommendation not only
waives his appellate rights in this matter, but also relieves the Court of any
obligation to conduct a de novo review of the issue presented. See Thomas v.
Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200
(4th Cir. 1997).