IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES S. ZIGMONT,
    Plaintiff,

v.                                       CIVIL ACTION NO. 1:11CV134

ANGELA JONES,
    Defendant.

## OPINION , REPORT AND RECOMMENDATION REGARDING THE UNITED STATES' MOTION TO DISMISS

This matter is before the undersigned pursuant to The United States' Motion to Dismiss filed September 28, 2011 [Docket Entry 19]. The Motion was referred to the undersigned United States Magistrate Judge for resolution by Report and Recommendation by United States District Judge Irene M. Keeley on September 29, 2011 [Docket Entry 21]. On September 29, 2011, the undersigned entered a Roseboro Notice advising the *pro se* plaintiff of his right to file counter-affidavits or other responsive material. Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). The Court further directed the plaintiff to "file with the Court and serve on the defendant any Response he may have to the defendant's Motion to Dismiss within thirty (30) days of entry of th[e] Order." A Return Receipt was received by the Clerk on October 3, 2011, indicating that the Roseboro Notice was received at Plaintiff's address [Docket Entry 24] on September 30, 2011.

More than 30 days have passed since the entry of the Roseboro Notice, and more than 30 days have also passed since the Roseboro Notice was received at Plaintiff's residence. No Response as been filed by Plaintiff.

The undersigned United States Magistrate Judge finds the issue before the Court is entirely a legal question, and is not complex, and therefore does not require the taking of evidence or testimony, and therefore does not require a hearing.

**A. Procedural History**

On or about August 1, 2011, James Zigmont ("Zigmont") filed a "Petition To Release and Expunge The Record Of Erroneous Tax Lien And Holds On Property" [docketed as a "complaint"] in the "Court Of Common Pleas For Harrison County West Virginia"[1] [state court]. The United States, on behalf of its agency, the Internal Revenue Service [IRS] filed its "Notice Of Removal" effectively removing Zigmont's civil action complaint from state court to this court on August 18, 2011 [DE2].

Zigmont filed "Plaintiffs' [sic] Forthwith Motion For Remand And Motion For Sanctions Request For Emergency Hearing" August 24, 2011 [DE 7]. By Corrected Order dated September 6, 2011[DE 14] the District Judge referred Zigmont's Motion For Remand And Motion For Sanctions Request For Emergency Hearing to the undersigned Magistrate Judge for appropriate disposition pursuant to 28 U.S.C. §636 (b)(1)(A) and (B) and L.R.Civ.P. 7.02( c ).

Zigmont's Motion to Remand to State Court was Denied by Report and Recommendation on September 8, 2011. The Report and Recommendation expressly directed the parties to file any objections within 14 days of entry of the R&R. None were filed. On September 27, 2011, the United States District Judge adopted the Report and Recommendations, denying Zigmont's Motion to Remand the case to State Court.

**B.    Motion to Dismiss**

**1.    The United States is the Proper Party**

The allegations in Zigmont's complaint establish this is a suit against Angela Jones for

---

[1]There is no Court of Common Pleas For Harrison County West Virginia. Zigmont filed his complaint in the Circuit Court of Harrison County, West Virginia wherein it was assigned case no 11-P-97-2.

actions she took in aid of the collection of revenue (taxes). Angela Jones is an employee/agent of the Internal Revenue Service. Essentially, Zigmont claims Jones: caused "four erroneous Tax Liens" to be filed "in the Prothonotary's Office of the Harrison County Courthouse against James Zigmont without the procedurally correct verified tax assessment or deficiency notice." [complaint at 1]; acted "without authority from her official position or any other jurisdiction" [complaint at 2]. "directly or indirectly levied monies from [Zigmont] ..." without authority [complaint at 3]; and placed "'holds on the personal account of [Zigmont] and upon a joint account [Zigmont] had with his ailing 79 year old sister ..." [complaint at 4].

The premises underlying Zigmont's claims are: 1) that no "verified tax assessment followed by deficiency notice" were ever filed or produced and therefore, Angela Jones had no "authority from her official position or any other jurisdiction" to file tax liens, levy monies, or place holds on accounts in aid of collection of revenues; and 2) because he was dismissed in a prior federal court action, he must have a remedy someplace and that someplace must be in state court in an action against Jones individually. Zigmont is incorrect on both counts.

Zigmont raised these issues in a prior Complaint in this Court, in that case naming as defendants U.S. Attorney General Eric Holder, U.S. Attorney William Ihlenfeld, and IRS Commissioner Douglas Shulman, along with William Arthur, Kimberly Alvarez, R.A. Mitchell, Denise A. Diloreto, Diana Wells, Susan Hansen, Nancy Aiello, Beverly Nadermann, Henry Slaughter, Ann Hagemeyer, All Unknowns, and **Angela Jones**, the latter all referred to in that case as "Officers and Employees of the IRS in their Official and Personal Capacities." [See Civil Case No. 1:11cv22 N.D.W.Va. 2011]. The previous case was dismissed by United States District Judge Irene M. Keeley, for the following general reasons:

3

>Zigmont's complaint, therefore, although drafted by a pro se litigant and thus subject to less severe scrutiny, simply does not state any cause of action over which this Court may assert jurisdiction. First, the Anti-Injunction Act expressly forbids litigation intended to restrain "the collection or assessment of any tax." Second, the Declaratory Judgment Act excludes claims seeking a declaratory judgment against federal taxes. Finally, the pleadings do not set forth any evidence of the IRS employees acting outside of the scope of their employment and a <u>Bivens</u> or section 1983 claim is improper. Thus, no cause of action in which this court has jurisdiction exists. 26 U.S.C. section 7421(a). Having found a lack of subject-matter jurisdiction, the Court need not discuss the defendants' motion to dismiss Zigmont's claim for failure to state a claim upon which relief can be granted.

In the instant case Zigmont asserts the same claims as in his prior case, but now solely against Jones. The district court can assert jurisdiction over a suit against an individual agent if the agent acted outside of the scope of her duty, and, in the process, violated the plaintiff's constitutional rights. <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971). Congress also created a cause of action against any person who deprives another of a constitutional right under color of state or territorial law. 42 U.S.C. section 1983.

In an attempt to withstand dismissal as occurred in his first case, Zigmont argues that he is suing Jones in her individual capacity because she allegedly acted outside of her authority by filing four "erroneous" Tax Liens against him "without the procedurally correct verified tax assessment or deficiency notice." In his prior case, however, Zigmont asserted a nearly identical claim - that the case rested "entirely on wrongs committed against Plaintiff without the jurisdiction established with a verified tax assessment(s)." In the prior case, Zigmont also claimed the United States waived its sovereign immunity by imposing tax collection activities upon him without a verified tax issue; sent notice and intent to file tax liens and levys on property without a verified tax assessment; filed tax liens and levy's on private property without a verified tax issue or assessment; sent notice to

numerous business interests of Plaintiff without there being a tax issue or any verified justification for the wrongful act; imposed and followed through with tax collection activities without following mandated tax collection rules and procedures; and did all the above unconstitutionally, without jurisdiction and in so doing, waived its immunity. As Plaintiff plainly stated in his first case:

> Plaintiff's position is simple and to the point, no verified tax issue exist, where no verified tax assessment exist, therefore the Anti Injunction Act does not mandate the dismissal of subject matter jurisdiction. . . .
>
> Plaintiff's claims arise from the Government's wrongful activities in collecting alleged taxes. Taxes assumed to be properly assessed, without first presenting the Plaintiff with the verified tax assessment.

A review of the two complaints shows that Zigmont is now making exactly the same claims against Jones that he made in his prior case against the United States, the Attorney General of the United States, the United States Tax Commissioner, and the United States Attorney. Despite the District Judge's clear explanation in her dismissal of his first complaint, Zigmont here asserts no meaningful allegation that Jones was acting outside the scope of her employment. Despite Zigmont's assertion that Jones acted outside her authority, all his claims against her are still claims for acts she performed as part of her official duties as an Internal Revenue Service employee. [See 26 U.S.C. §6321, 6323(a) and 6331]. Filing notices of federal tax liens and levying on property are actions authorized by the Internal Revenue Code. See Id. Zigmont's assertions that Jones was acting without authority is unsupported by his own arguments. The undersigned therefore finds all of the complained-of acts were performed by Jones, if at all, within the scope of her employment and in her official capacity as an agent of the IRS.

When a suit against agents of the federal government who are acting in an official capacity is not properly brought against the United States as a defendant, "the United states has not waived

sovereign immunity, . . . [the plaintiff] cannot establish a valid Bivens claim, [and] the [plaintiff fails] to meet [his] burden of establishing jurisdiction." Aromin v. Hill, No. 2:05cv54, 1005 U.S. Dist. LEXIS 20523, at *4 (E.D. Va. Aug. 19, 1995). Furthermore, "the United states cannot be sued under the doctrine of sovereign immunity unless it has expressly consented to the suit." Id. at *6.

This conclusion is consistent with that reached by Mr. Justice Clark in Dugan v. Rank, 372 U.S. 609, 610 83 S.Ct. 999, 1001 (1963) to wit: "the suit against the petitioning local officials of the Reclamation Bureau is in fact against the United States and they must be dismissed therefrom." The Court reasoned:

> The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' Land v. Dollar, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947), or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.' Larson v. Domestic & Foreign Corp., supra, 337 U.S. at 704, 69 S.Ct. at 1468, 93 L.Ed. 1628; Ex parte New York, 256 U.S. 490, 502, 41 S.Ct. 588, 591, 65 L.Ed. 1057 (1921). The decree here enjoins the federal officials from impounding, or diverting, or storing for diversion, or otherwise impeding or obstructing the full natural flow of the San Joaquin River. * * *.' Transcript of Record, Vol. III, p. 1021. As the Court of Appeals found, the Project 'could not operate without impairing, to some degree, the full natural flow of the river.' Experience of over a decade along the stretch *621 of the San Joaquin involved here indicates clearly that the impairment was most substantial-almost three-fourths of the natural flow of the river. To require the full natural flow of the river to go through the dam would force the abandonment of this portion of a project which has not only been fully authorized by the Congress but paid for through its **1007 continuing appropriations. Moreover, it would prevent the fulfillment of the contracts made by the United States with the Water and Utility Districts, which are petitioning in No. 115. The Government would, indeed, be 'stopped in its tracks * * *.' Larson v. Domestic & Foreign Corp., supra, 337 U.S. at 704, 69 S.Ct. at 1468, 93 L.Ed. 1628.

The reasoning in Dugan has been applied with respect to IRS Employees sued as individuals. In Jones v. Bass, 343 F.Supp.2d 1066 (D.Wy. 2004), a case factually similar to the instant case, the District Judge held that the "internal revenue service agent was acting in his official capacity in

6

presenting notice of levy to bank, and thus taxpayers' suit against agent was barred by United States' sovereign immunity from suit, . . . ." Id. 1068. The Jones Plaintiffs filed a Wyoming state court action against Fred Bass, an IRS employee, a bank and the bank's attorney claiming that the serving, accepting, advising to honor and honoring of a Notice of Levy (unpaid tax levy) were in error and harmful to Plaintiffs. The IRS-United States removed the action in behalf of Bass to federal court pursuant to the provisions of 28 U.S.C. §1442(a)(1). The Jones Plaintiffs, like Zigmont, objected to removal claiming the federal court lacked subject matter jurisdiction to hear the case. The Court held: "Fred Bass has been sued by Plaintiffs in his official capacity as an employee of the IRS. As such, the suit is essentially against the United States and therefore, barred by sovereign immunity."

The undersigned finds no evidence that Jones was not acting in her official capacity. The United States must therefore be substituted as the only party defendant.

**2.      Sovereign Immunity**

When a suit against agents of the federal government who are acting in an official capacity is not properly brought against the United states as a defendant, "the United States has not waived sovereign immunity, . . . [the plaintiff] cannot establish a valid Bivens claim, [and] the [plaintiff fails] to meet [his] burden of establishing jurisdiction." Aromin v. Hill, No. 2:05cv54, 2005 U.S. dist. LEXIS 20523, at *4 (E.D.Va. 1995). Furthermore, 'The United States cannot be sued under the doctrine of sovereign immunity unless it has expressly consented to the suit." Id. At *6.

Zigmont's claims of damages all directly flow from the collection of taxes. The Anti-Injunction Act explicitly states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. section 7421(a). The Supreme Court

has held that the language of this act "could scarcely be more explicit." Bob Jones University v. Simon, 416 U.S. 725 (1974).

The Declaratory Judgment Act, while creating a declaratory judgment remedy, as determined by the administering authority [in] any court of the United States, expressly excludes "Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986." 28 U.S.C. section 2201(1). Those exempted actions pertain to tax-exempt organizations and private foundations, neither of which are involved in Zigmont's claims. Congress also has explicitly denied courts jurisdiction over tort claims "arising in respect of the assessment or collection of any tax or customs duty." 28 U.S.C. section 2680.

Congress has further denied any tort claims against federal employees "arising [out of] the assessment or collection of any tax . . . duty . . . ." 28 U.S.C. section 2680.

Zigmont's second complaint, like his first in this Court, therefore, even when subject to the lesser scrutiny due a *pro se* litigant, does not state any cause of action over which this Court may assert jurisdiction. As already found in the first case, the Anti-Injunction Act expressly forbids litigation intended to restrain "the collection or assessment of any tax." Second, the Declaratory Judgment Act excludes claims seeking a declaratory judgment against federal taxes. Finally, his pleadings do not set forth any evidence that Jones was acting outside the scope of her employment, and a Bivens or section 1983 claim is therefore improper.

The undersigned United States Magistrate Judge therefore finds Zigmont asserts no cause of action over which this Court has jurisdiction and recommends this case be dismissed in its entirety.

**Recommended Decision**

For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the United States' Motion to Dismiss [DE 19] be **GRANTED.**

Any party may, within fourteen (14) days of this Memorandum Opinion, Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Memorandum Opinion, Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Memorandum Opinion, Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Memorandum Opinion, Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to a copy of this Memorandum Opinion, Report and Recommendation to the pro se plaintiff, James S. Zigmont at his address of record and to provide an electronic notice of entry of the same to counsel for the United States.

Dated: November 3, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE